MRS. A. C. MARTIN v. J. W. STEWART *et al.*

**No. 13,216.** ( 73 Pac. 107.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Authority to Appoint a Guardian.* The probate court is without authority to appoint a guardian of the person and estate of an adult, unless such person has been duly adjudged to be an idiot, a person of unsound mind, or an habitual drunkard, and incapable of managing his or her affairs.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed July 10, 1903. Reversed.

*George L. Hay,* for plaintiff in error.
*C. W. Fairchild,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J. : On September 29, 1900, an application was made to the probate judge of Kingman county for the appointment of a guardian of the person and estate of Mrs. A. C. Martin. It was alleged that she was "in feeble health, and of unsound mind and impaired physical condition, and is incapable of attending to business matters of any kind." Upon notice given, a hearing upon the application was had on October 15, 1900. The record entry of the hearing recites that some testimony was taken on behalf of Mrs. Martin, and then says :

"Upon hearing testimony and argument of counsel, decision reserved and taken under advisement. On consultation with J. Q. Jenkins, county attorney, and the expert testimony of Doctors Cheney and Light, that Mrs. A. C. Martin is of feeble mind and body ; therefore, there should be a guardian of her person and property."

Martin v. Stewart.

A guardian was accordingly appointed.   She took an appeal from the decision to the district court of Kingman county, and later the case was taken upon a change of venue to Sedgwick county.   Motions for the dismissal of the appeal on the one side, and on the other for the dismissal of the action for lack of jurisdiction, were made.   The court overruled the latter, but sustained the one asking for the dismissal of the appeal.

The controlling question in this proceeding is, Can the probate court appoint a guardian of the person and estate of an adult unless such person has been duly adjudged to be an idiot, a person of unsound mind, or an habitual drunkard and incapable of managing his or her affairs?   There can be no guardianship, except for infants, lunatics, and others under legal disabilities.   The probate court has no authority to give one man the control of the person and estate of another unless it is specifically conferred by law. Power is given for the appointment of guardians for infants, persons of unsound mind, and habitual drunkards, where their status has been found and determined as the statute prescribes.   Here there was no more than a summary hearing before the probate judge, without a jury, and the finding made by him was only that Mrs. Martin was in feeble mind and health.   It was not determined that she was insane and incapable of managing her affairs; and, until it was so found and determined before a jury, the court was powerless to place her person and property in the control of another.   (Gen. Stat. 1901, § 3945.)

It will be noted that the hearing was had before the enactment which permitted the probate court, in its discretion, to have a trial as to lunacy before a jury or a commission, in open court, at chambers, or at

the house of the one alleged to be insane. (Laws 1901, ch. 353.)

Under the statute as it then existed, no guardian could be appointed until there had been a trial, based on a written information, before a jury of six persons, one of whom was a physician in regular practice and good standing, and where it was found and determined that Mrs. Martin was of unsound mind and incapable of managing her affairs.

As the probate court was without authority, the district court should have dismissed the action, and for this purpose the judgment will be reversed and the cause remanded.

All the Justices concurring.